[No. 3078.]

HERMAN DRINKOETER *v.* THE STATE.

OBSTRUCTION OF A PUBLIC ROAD—PRESUMPTION OF INNOCENCE—CHARGE OF THE COURT.—The court charged the jury as follows: "If you believe from the evidence that the defendant obstructed the road charged to have been obstructed, in Guadalupe county, and that said road is a public road, and that in doing so an offense was committed, the law then presumes that the act was intentionally and wilfully done, and it rests with the defendant and devolves upon him to prove the accident or innocent intention." Another charge was as follows: "On the trial of a criminal action, when the facts have been proved which constitute the offense, it devolves upon the accused to establish the facts or circumstances on which he relies to excuse or justify the prohibited act or omission." *Held*, that both of these charges were erroneous. See the report of this case on former appeal, 14 Texas Court of Appeals, 67.

APPEAL from the County Court of Guadalupe. Tried below before the Hon. W. P. H. Douglass, County Judge.

The conviction in this case was for the obstruction of a public road known as the Prairie Lea and New Braunfels road. It was based upon the same information and upon the same evidence

as those upon which a former conviction was had, which was reversed and remanded by this court at its last Austin term. (See 14 Texas Ct. App., 67.) The penalty imposed in this case was a fine of one dollar.

*W. R. Neal*, for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

WILLSON, JUDGE. Among other instructions the court gave to the jury the following: "If you believe from the evidence that the defendant obstructed the road charged to have been obstructed, in Guadalupe county, and that said road is a public road, and that in so doing an offense was committed, the law then presumes that the act was intentionally and wilfully done, and it rests with the defendant and devolves upon him to prove the accident or innocent intention." Again the court charged : "On the trial of a criminal action, when the facts have been proved which constitute the offense, it devolves upon the accused to establish the facts or circumstances on which he relies to excuse or justify the prohibited act or omission." These instructions were given at the request of the county attorney, and were excepted to at the time by the defendant.

On a former appeal of this case, the judgment was reversed mainly because the court erred in giving to the jury a charge in substance the same as those we have above quoted. We stated plainly in the opinion then rendered that such a charge was not the law of the case, was not applicable to the facts of the case, and was erroneous. We must presume that the trial judge and the county attorney had not read or duly considered our former opinion in the case, or they would not have committed the same error upon the second trial that was committed upon the first. It is unnecessary for us to reiterate what we have heretofore decided to be the law of this case. We will again set aside the conviction and remand the cause for a new trial, in accordance with our opinion on the former appeal, which will be found in 14 Texas Court of Appeals, 67. Whether right or wrong, that opinion is the law of this case.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered April 30, 1884.